UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-cv-00176-LLK

**WILLIAM B.**[1]  **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss the Complaint, or alternatively, Motion for Summary Judgment (Doc. 8) and Plaintiff's Motion for Approval of Benefits (Doc. 11). The motions are ripe for adjudication. For the reasons stated below, Defendant's motion is **GRANTED**, and Plaintiff's motion is **DENIED AS MOOT**.

**I.   STATEMENT OF FACTS**

Plaintiff filed an application for Title II Disability Insurance Benefits in May of 2016, which was denied by an administrative law judge ("ALJ") in June 2018. *Beaty v. Saul*, No. 1-19-CV-00047-HBB, 2019 U.S. Dist. LEXIS 186815, at *2 (W.D. Ky. Oct. 29, 2019). The United States Magistrate Judge affirmed the ALJ's decision on October 29, 2019. *Id.* at *1. Plaintiff then filed an appeal with the U.S. Court of Appeals for the Sixth Circuit, and the Sixth Circuit affirmed the

---

[1] GO 22-05 provides that non-government parties are identified only by first name and last initial.

Magistrate Judge's opinion. *Beaty v. Comm'r of Soc. Sec.*, No. 19-6310, 2020 U.S. App. LEXIS 29881 (6th Cir. Sept. 17, 2020).

On October 9, 2020, Plaintiff filed his Complaint seeking judicial review of the same ALJ decision from his previous suit. (Compl., Doc. 1; Compl. Suppl., Doc. 4). Defendant has moved to dismiss the Complaint, arguing it is time-barred. (Def.'s Mot. Dismiss, Doc. 8). Plaintiff did not respond to this argument nor raise it in his motion for approval of benefits, which can be construed as a motion for summary judgment. (Pl.'s Mot. Approval, Doc. 11).

## II.   JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g). According to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the U.S. Court of Appeals for the Sixth Circuit in the event an appeal is filed. (Consent Jurisdiction, Doc. 12).[2]

## III.   DISCUSSION

Plaintiff's claim is time-barred. Plaintiff had until April 22, 2019, or sixty days after he received notice that the Appeals Council would not review the ALJ's decision, to file a civil action. 42 U.S.C. § 405(g). Plaintiff filed this current action almost a year and a half later on October 9, 2020. (Compl.). The sixty-day deadline elapsed long before Plaintiff filed this action; thus, Plaintiff's Complaint is not timely and will therefore be dismissed pursuant to Fed. R. Civ. P.

---

[2] While the consent was signed before original reassignment order, the consent was not entered into the docket until afterward.

12(b)(6) for failing to state a claim upon which relief could be granted.  This dismissal on procedural grounds renders Plaintiff's motion moot.

Alternatively, a court may raise the issue of res judicata *sua sponte* in special circumstances, such as when "a court is on notice that is has previously decided the issues presented" and dismissal of the action is in the interest of judicial economy.  *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (citations omitted); *accord Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948); *Holloway Constr. Co. v. U.S. Dep't of Lab.*, 891 F.2d 1211, 1212 (6th Cir. 1989); *Pogue v. Principal Life Ins. Co.*, No. 3:14-CV-599-CHB, 2019 U.S. Dist. LEXIS 54194, at *18-19 (W.D. Ky. Mar. 29, 2019).  Res judicata "operates as an absolute bar to any subsequent action on the same cause between the same parties" when the prior action was resolved with a merits-based judgment.  *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *cf. Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 937, 841-42 (6th Cir. 1997) (discussing the applicability of res judicata to social security claimants and administrative law judges at the administrative level).

As discussed above, Plaintiff's prior civil action concluded with a final judgment by the U.S. Court of Appeals for the Sixth Circuit; both actions involve the same parties; and both actions involve the same claim or cause of action arising from the ALJ's decision from 2018.  *See Beaty*, 2020 U.S. App. LEXIS 29881.  Therefore, res judicata applies to Plaintiff's claim, and his Complaint will be dismissed.

March 29, 2023

Lanny King, Magistrate Judge
United States District Court

3

## IV. **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Doc. 8) is GRANTED, and Plaintiff's Motion for Approval of Benefits (Doc. 11) is DENIED AS MOOT. Plaintiff's claim is DISMISSED WITH PREJUDICE.  The Clerk shall strike this matter from the active docket.

March 29, 2023

**Lanny King, Magistrate Judge**
**United States District Court**